Minute Order Form (rev. 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 C 3741 | Date | November 29, 2000 |
| Case Title | Jay Bush v United Parcel Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]

(2) ☐ Brief in support of motion due _____

(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____

(4) ☐ ☐ Ruling/Hearing on _____ set for _____ at _____

(5) ☑ Status hearing ☐ held ☐ continued to ☐ set for ☑ re-set for 1/16/01 at 9:00 a.m.

(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ■ [Other docket entry] MEMORANDUM OPINION AND ORDER ENTERD. ACCORDINGLY, PLAINTIFF'S MOTION TO FILE A 3RD AMENDED COMPLAINT IS GRANTED IN PART. THE AO450 FORM DOCKETED 9/21/00 IS VACATED. PLAINTIFF'S 4TH AMENDED COMPLAINT IS DUE BY 12/8/00. ANSWER THERETO IS DUE BY 12/27/00.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | | number of notices | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | | |
| ☑ | Notices mailed by judge's staff. | FD-7 FILED FOR DOCKETING DEC 4 2000 00 DEC -4 AM 11: 21 | | date docketed | |
| | Notified counsel by telephone. | | | | Document # |
| | Docketing to mail notices. | | | docketing dpty. initials | 67 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate Judge. | | | date mailed notice | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | | mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAY BUSH,                                    )
                                             )
                 Plaintiff,                  )
                                             )        No.    99 C 3741
        v.                                   )
                                             )        Judge Robert W. Gettleman
UNITED PARCEL SERVICE and AUTOMOBILE )
MECHANICS UNION LOCAL # 701,                 )
                                             )
                 Defendants.                 )

## ORDER

On July 13, 1998, plaintiff Jay Bush filed a charge of race discrimination with the Equal

Employment Opportunity Commission (the "EEOC") against his employer, United Parcel

Service (UPS"), alleging a racially hostile work environment. On March 19, 1999, the EEOC

dismissed the charge and issued a notice of a right to sue. Plaintiff filed a one count complaint

against UPS and his union, Automobile Mechanics Union Local #701 (the "Union") on June 4,

1999, alleging that UPS failed to promote him based on his race. Prior to serving defendant

UPS, plaintiff filed a first amended complaint, again alleging failure to promote against UPS in

violation of Title VII, 42 U.S.C. § 2000(e).

UPS moved to dismiss, arguing that the complaint, which alleged a failure to promote,

varied from the scope of the EEOC charge, which alleged a hostile work environment. On June

16, 2000, the court entered an order holding that the complaint was sufficiently related to the

allegations of the EEO charge, such that the EEOC was likely to have investigated plaintiff's

failure to promote claim. The court dismissed for failure to state a claim, however, because the

complaint failed to allege that plaintiff had applied for an open position and was rejected based on his race during the time period in question. The court granted plaintiff leave to file a second amended complaint, consistent with the order.

On July 5, 2000, plaintiff filed a three count second amended complaint alleging racially discriminatory failure to promote, and adding a new claim for hostile work environment. In addition, the second amended complaint also contained a claim against the Union for allegedly discriminating in its grievance procedures. UPS again moved to dismiss, as did the Union, arguing that the complaint failed to state a claim under Fed. R. Civ. P. 12(b)(6). The court agreed, and entered an order holding that: 1) the hostile work environment claim failed because plaintiff had not alleged any actionable conduct within the relevant time period; and 2) plaintiff had failed to comply with the court's instructions with regard to the failure promote claim. Specifically, the court held that plaintiff had failed to allege that he applied for and was rejected from any position within the relevant time period. The court also dismissed plaintiff's claim against the Union for failing to allege that he had been denied in any attempt to invoke the grievance procedure. Accordingly, the court granted defendants' motion to dismiss and entered judgment for defendants on September 19, 2000. The entry of judgment on form AO 450 was docketed on September 21, 2000.

On October 19, 2000, plaintiff submitted a motion for a substitution of attorneys and for an extension of time for filing a third amended complaint. The motion was noticed to be heard on October 26, 2000. Apparently, at the time the motion was, plaintiff's new counsel was unaware that judgment had been entered. On October 20, 2000, UPS filed a response, arguing that the court lacked jurisdiction to hear the motion because plaintiff had not sought to alter or

amend the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b), nor even sought leave to file a third amended complaint pursuant to Fed. R. Civ. P. 15(a).

On October 26, 2000, when plaintiff presented his motion, the court entered an order allowing the substitution of attorneys and gave plaintiff until October 30, 2000, to submit his proposed third amended complaint. Defendants were given until November 13, 2000, to file a response challenging the timeliness and/or merits of the complaint. UPS filed its brief on November 13, 2000, challenging both plaintiff's right to file a third amended complaint as well as the sufficiency of the proposed complaint. Plaintiff was given until November 20, 2000, to file a reply brief in support of his motion. Plaintiff filed both a reply brief and a motion for relief from judgment under Fed. R. Civ. P. 60, leaving the matter ripe for resolution.

"Following the entry of final judgment, a party may not seek to amend his complaint until he has successfully moved to alter, set aside or vacate the judgment pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60. Garner v. Kinnear Manufacturing Co., 37 F.3d 263, 270 (7th Cir. 1994). A Rule 59(e) motion must be served within ten days after entry of judgment. Id. Even if the court considers plaintiff's motion to extend time as a motion to alter or vacate the judgment, it was noticed and served 28 days after entry of judgment was docketed. Relief under Rule 59(e) therefore, is unavailable.

A Rule 60(b) motion may relieve a party from final judgment only for certain enumerated reasons. Id. The desire to expand the allegations of the original complaint is not an appropriate reason. Id. (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1112 (7th Cir. 1984)). None of the other enumerated grounds exist. Therefore, if the judgment docketed on September

3

21, 2000 is final, the court lacks jurisdiction to grant plaintiff leave to file a third amended complaint.

Relying on Paganis v. Blonstein, 3 F.3d 1067 (7th Cir. 1993), plaintiff argues that the judgment docketed on September 21, 2000, is not final because it dismissed the complaint only, not the entire case or action, and did not indicate that the dismissal was with prejudice. As Paganis makes clear, a decision is final for purposes of 28 U.S.C. § 1291 if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment. Id. at 1069 (citing Baltimore Orioles, Inc. v. Major League Baseball Players Association, 805 F.2d 663, 666 (7th Cir. 1986). A dismissal of a complaint does not end the litigation, while dismissal of an entire action does, forcing the plaintiff to choose between appealing the judgment or moving to reopen the judgment pursuant to Fed. R. Civ. P. 59 or 60. Paganis, 3 F.3d at 1070.

In the instant case, by dismissing the second amended complaint and not granting plaintiff leave to replead as it had done previously, the court intended to dismiss the entire action, thus the entry of judgment on form AO 450. The judgment ordered entered, however, stated only that "defendants' motions to dismiss plaintiff's complaint are granted." Plaintiff is correct that under Paganis, that judgment is not final, and the court has jurisdiction of the case.

Therefore, the court will treat plaintiff's motion for an extension of time as a motion for leave to file a third amended complaint. Although under Fed. R. Civ. P. 15(a), such motions should be freely granted when justice requires, the court has broad discretion to deny motions to amend in cases of undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice or futility. Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir. 1992).

Plaintiff has had three chances to state a claim for racial discrimination. When it dismissed the second amended complaint the court specifically explained that plaintiff had failed to identify any promotion for which he had applied and was rejected based on his race, and had failed to identify any specific promotion for which he was qualified and for which he could have applied but for the alleged discrimination. The court specifically gave plaintiff an opportunity to cure the deficiencies indicated in the court's order. The second amended complaint again failed to provide the required allegations and was again dismissed. Under the circumstances it is within the court's discretion to deny leave to amend based on repeated failures to cure.

Nonetheless, the proposed third amended complaint sufficiently identifies a specific position given to a white male which, according to plaintiff, was not posted, thus preventing him from applying. The complaint, therefore, states a claim for disparate treatment based on a failure to promote. The third amended complaint does not, however, allege sufficiently severe or pervasive conduct to alter the conditions of plaintiff's employment and create an abusive or hostile working environment. Merritor Sav. Bank FSB v. Vinson, 477 U.S. 57, 67 (1986).

Finally, the third amended complaint fails to state a claim of disparate treatment against the Union. The complaint fails to allege that the Union refused to file a grievance based on plaintiff's race.

### Conclusion

For the reasons set for above, plaintiff's motion to file a third amended complaint is granted with respect to his claim against UPS for disparate treatment based upon an alleged failure to promote. The judgment (form AO 450) docketed on September 21, 2000, is vacated. In the exercise of its discretion under Fed. R. Civ. P. 15(a), the court denies plaintiff leave to file a

third amended complaint against UPS based on hostile work environment and against the Union for disparate treatment (Count II), which claims are dismissed with prejudice. Plaintiff is ordered to file a fourth amended complaint consistent with this order, asserting only a claim against UPS for failure to promote, on or before December 8, 2000. UPS is ordered to answer the fourth amended complaint on or before December 27, 2000. The case is set for a report on status on January 16, 2001, at 9:00 a.m. The status report previously set for November 29, 2000, is cancelled.

**ENTER:**      **November 29, 2000**

Robert W. Gettleman
**United States District Judge**